**In re PITTSBURGH RYS. CO.**

No. 20225.

District Court, W. D. Pennsylvania.

Oct. 21, 1947.

See also 64 F.Supp. 231; 74 F.Supp. 843; 74 F.Supp. 845.

J. Henry O'Neill, J. Garfield Houston and Wells Fay, all of Pittsburgh, Pa., for trustee.

Thomas J. Munsch, Jr., of Pittsburgh, Pa., for Philadelphia Co.

Samuel Koenigsberg, of New York City, for Securities & Exchange Commission.

Robert L. Kirkpatrick, of Pittsburgh, Pa., for Citizens Traction Co.

Paul G. Perry, of Pittsburgh, Pa., for Allegheny Traction Co.

William F. Walsh, of New York City, for Public Security Holders of Citizens Traction Co.

Maurice J. Dix, of New York City, for Jules Guggenheim, and others.

Harry F. Stambaugh, of Pittsburgh, Pa., for Committee for Bondholders of Southern Traction Co.

John M. Marshall, of Pittsburgh, Pa., for City of Pittsburgh.

McVICAR, District Judge.

This case is now before us on the petition of Jules Guggenheim, et al., wherein it is prayed that the Court make an order directing the Trustees to make a partial cash payment to the public security holders of the Pittsburgh Railways system, such payment to be on account of principal, to notify all such public security holders of such payment as is authorized, and that no payment is to be made to the Philadelphia Company, its affiliates and subsidiaries. On this petition the Court made an order that any objections to said petition raising questions of law or preliminary issues be set forth in answers and that such objections be heard by the Court on a date fixed.

Answers raising preliminary objections of law were made by W. D. George, Trustee, Philadelphia Company, Citizens Tractions Company Stockholders Committee and the City of Pittsburgh. The Securities and Exchange Commission did not file an answer but stated its position orally at the hearing in Court of the above matter. That statement was to the effect that the Securities and Exchange Commission generally favors a distribution where there is a large amount of money on hand not needed for operation expenses. However, there are exceptions to the rule and this case was probably an exception by reason of the involved underlier system. Counsel reserved his opinion until hearings were held. The Philadelphia Company, in its answer, denied many of the averments contained in the petition. It opposed the granting of the petition by reason of the elimination of the claims of the Philadelphia Company. The Citizens Traction Company Stockholders Committee joined in the prayer of the petition. The City of Pittsburgh, in its answer, prayed for a denial of the petition and set forth that the City was a substantial creditor, that there were other substantial creditors, that the claims of creditors must be adjudicated before distribution and that an order on this petition would result in unnecessary litigation.

W. D. George, Trustee, in his answer, set up preliminary objections, on which he moved for the dismissal of the petition for the following reasons, namely, that the proposals of the petition for a partial cash distribution conflicts with the rules of law controlling the rights of claimants, that the proposed scheme of partial distribution is unsound and impracticable, and if carried into effect, would work injustice to many security holders while giving undue advantage to others, and that in this complicated proceeding, no proposal for partial distribution should be permitted to go to a hearing unless supported by a petition which sets forth pertinent facts showing that the proposal is sound and practical. In support of these reasons, the Trustee averred in paragraph 15 of his answer, inter alia, that it is not clear from the petition what creditors are to receive distribution, that it is necessary to know how much of the use and occupancy each Company is to receive and the share that each Company is to receive in new securities, that interest is entitled to preference in most of the indentures, that the indentures generally provide for no preference, that some companies do not have sufficient funds to pay 50 per cent of principal of public held bonds, that in some companies the stock is entitled to better treatment than the bonds in other companies, that tax claims should be paid first, that no provision is made as to the Philadelphia Company's claims and also as to the inter-company holdings of stocks and bonds.

This is a proceeding to organize the Pittsburgh Railways Company, its subsidiary, the Pittsburgh Motor Coach Company and 49 underliers. This system involves transportation by railway and bus in the City of Pittsburgh and in surrounding country. All of the companies have stock and many of them have issued bonds and other indebtedness. The creditors include, not only bondholders, but other creditors some of whose claims are substantial, such as the claim of the City of Pittsburgh.

The money in the Trustee's hands which is not needed for operation should be distributed as soon as practicable to the persons entitled thereto. The names of such persons and the amount due each must first be ascertained. Such information is not now available. Distribution must be postponed until such information is available. Whenever any interested person has such information, he should furnish the same to the Trustee together with a legal basis upon which a distribution can be practically and legally made.

The petition should be dismissed without prejudice.